UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Dirck Hecking,
	Plaintiff

	v.	Case No. 13-cv-338-SM
	Opinion No. 2013 DNH 164
New Hampshire Conjunctive
Parties, et al.,
	Defendants

**O R D E R**

All defendants move to dismiss plaintiff's amended complaint. See document nos. 64 and 92. Plaintiff objects. For the reasons set forth below, the motions to dismiss are granted.

**Discussion**

Plaintiff sues numerous New Hampshire state officials, private law firms, and attorneys alleging violations of several state laws, as well as federal statutes. He seeks to represent a class of similarly situated individuals, and he asks for relief, in part, in the form of "an emergency non-refundable in [sic] attachable advance workmen's compensation benefit payment of $35,000" and additional relief exceeding a total sum of $75,000. Defendants argue that the federal claims are time-barred and, therefore, should be dismissed. In the alternative, they say,

plaintiff fails to state claims under the federal statutes invoked.[1]

I. <u>The Federal Claims</u>

Although the complaint is nearly unintelligible and probably runs afoul of Rule 8(a)'s requirement of a "short and plain statement of the claim," Fed. R. Civ. P. 8(a), its gist is fairly discernable: the defendants are alleged to have defrauded plaintiff out of a worker's compensation award by means of various misrepresentations and mismanagement of the state workers' compensation system. The alleged misrepresentations concern information or advice given regarding New Hampshire's workers' compensation claims process, as found on an internet website. Plaintiff alleges, generally, that defendants' conduct violated several federal criminal statutes, including those relating to mail and wire fraud, as well as the Civil Rights Act of 1871, 42 U.S.C. § 1983.

Federal criminal statutes generally do not provide independent civil causes of action, and those claims are dismissed. To the extent plaintiff relies on allegations of mail

---

[1] The State defendants also argue that plaintiff's claims are barred under the doctrine of res judicata. Because the claims are time-barred, the court need not address the apparently meritorious claim preclusion issue.

2

and wire fraud to form the predicate of a civil claim under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1964, he fares no better.  A RICO claim is timed-barred under the circumstances of this case, as is plaintiff's Section 1983 claim.

Claims under Section 1983 and RICO must be filed within three and four years, respectively, of the date when plaintiff knew or had reason to know of the injury on which the action is based. See Holder v. Bahan, 2011 WL 940211, at *4 (D.N.H. March 16, 2011) (Section 1983); In re McKesson Governmental Entities Average Wholesale Price Litig., 767 F. Supp. 2d 263, 272 (D. Mass. 2011) (RICO) (citing Agency Holding Corp. V. Malley-Duff & Assoc., Inc., 483 U.S. 143, 146 (1987)).  The relevant injury, here, is the State's denial of plaintiff's workers' compensation claim.  The complaint ties the defendants' alleged illegal conduct (misrepresentations and mismanagement) to that denial, and it seeks relief from this court in the form of a $35,000 "workmen's compensation benefit payment."  The court takes judicial notice of the fact, as set forth in this court's prior decision in Hecking v. Barger, 2010 WL 653553 (D.N.H. Feb. 23, 2010) (Laplante, J.), that the State's denial of plaintiff's claim for workers' compensation benefits became final sometime before or around 2007, when the New Hampshire Supreme Court

declined to review the decision of the Compensation Appeals Board. Id. at *3. Plaintiff filed this suit in 2013, well beyond the date he knew or should have known of his injury. Notably, plaintiff has been down this road before. In 2010, the court of appeals for this circuit affirmed an order of this court dismissing as time-barred plaintiff's claims against officials of the New Hampshire Department of Labor relating to matters arising from his state workers' compensation claim. See March 15, 2011 Order in Hecking v. Barger, No. 10-1299, affirming 2010 WL 653553 (D.N.H. Feb. 23, 2010) (Laplante, J.).[2]

That plaintiff challenges information displayed on a website through 2012 does not change the limitations calculus. Plaintiff has not alleged that he relied on that information (as displayed in 2012) to his detriment. And the fact that putative class members may have relied on the information in 2012 is irrelevant for purposes of determining the timeliness of plaintiff's claims.

---

[2] Given plaintiff's litigation history, it is understandable that defendants have asked this court to bar plaintiff from filing any further suits involving or arising from the denial of his worker's compensation claim. Although that request is denied at this time, plaintiff is on notice that any further meritless suits related to the subject of this claim will subject him to the payment of defendants' reasonable attorneys' fees and costs.

II.  State Law Claims

The court declines to exercise supplemental jurisdiction over plaintiff's state law claims.³  See 28 U.S.C. § 1367(c)(3). The state law claims are, therefore, dismissed.

**Conclusion**

Defendants' motions to dismiss, document nos. 64 and 92, are granted as to the federal claims.  The state law claims are dismissed without prejudice.  The Clerk shall close the case. And plaintiff is advised to carefully consider the advisability of filing additional litigation in this court related to this subject.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

November 26, 2013

---

³ There is no diversity jurisdiction here.  See 28 U.S.C. § 1332. Although the complaint alleges generally that the amount in controversy meets the jurisdictional threshold, the facts, as alleged, do not support a plausible inference of an injury exceeding a value of $75,000.  Importantly, plaintiff is not allowed to aggregate the value of his claims with those of putative class members for jurisdictional purposes. Zahn v. Int'l Paper Co., 414 U.S. 291, 301 (1973) (superseded on other grounds by statute).

5

```
cc:   Dirck Hecking, pro se
      Nancy J. Smith, Esq.
      Shawn J. Sullivan, Esq.
      Susan A. Lowry, Esq.
      Louis J. Britton, Esq.
      Scott D. Burke, Esq.
      Timothy P. Beaupre, Esq.
      Thomas G. Ferrini, Esq.
```